# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L BRANCH<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>UNITED STATES OF AMERICA , et al.<br><br><br>　　　　Defendant(s). | CASE NO:<br>2:13−cv−00572−RGK−CW<br><br>**ORDER RE COURT TRIAL**<br><br>**Pretrial Conference:**<br>**January 27, 2014 at 09:00 AM**<br><br>**Trial Date:**<br>**February 11, 2014 at 09:00 AM** |

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

## SCHEDULING

**1.　　In General**

All motions to join other parties or to amend the pleadings shall be filed and served within fifteen (15) days of the date of this order.

**2.　　Motions for Summary Judgment or Partial Summary Judgment**

Motions for summary judgment or partial summary judgment shall be filed as soon as practical, however, in no event later than the motion cut−off date.

///

−1−

### 3. Discovery Cut–Off

The Court has established a cut–off date for discovery in this action. All discovery shall be complete by the discovery cut–off date specified in the Scheduling Order. **This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed.**

In an effort to provide further guidance to the parties, the Court notes the following:

#### a. Depositions

All depositions shall be scheduled to commence sufficiently in advance of the discovery cut–off date to permit their completion and to permit the deposing party enough time to bring any discovery motion concerning the deposition prior to the the cut–off date.

#### b. Written Discovery

All interrogatories, requests for production of documents, and requests for admission shall be served sufficiently in advance of the discovery cut–off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

#### c. Discovery Motions

Whenever possible, the Court expects the parties to resolve discovery problems among themselves in a courteous, reasonable and professional manner. The Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California in July, 1995.

Discovery matters are referred to a United States Magistrate Judge. **Any motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut–off date to permit the responses to be obtained before that date, if the motion is granted.**

Consistent resort to the Court for guidance in discovery is unnecessary and will result in the appointment of a Special Master at the joint expense of the parties to resolve discovery disputes.

**4.  Mandatory Settlement Conference**

Pursuant to Local Rule 16–14, the parties in every case must select a settlement procedure. The final meeting with the parties' settlement officer must take place no later than 45 days before the Final Pretrial Conference.

**FINAL PRE–TRIAL CONFERENCE**

This case has been placed on calendar for a Final Pre–Trial Conference pursuant to Fed.R.Civ.P. 16 and 26. Unless excused for good cause, each party appearing in this action shall be represented at the Final Pre–Trial Conference, and all pre–trial meetings of counsel, by the attorney who is to have charge of the conduct of the trial on behalf of such party.

STRICT COMPLIANCE WITH THE REQUIREMENT OF FED.R.CIV.P. 26 AND LOCAL RULES ARE REQUIRED BY THE COURT. Therefore, carefully prepared Memoranda of Contentions of Fact and Law, a Joint Witness List, and and Joint Exhibit List shall be submitted to the Court. The Joint Witness List shall contain a brief statement of the testimony for each witness, **what makes the testimony unique** from any other witness testimony, and the time estimate for such testimony. The Joint Exhibit List shall contain any objections to authenticity and/or admissibility to the exhibit(s) and the reasons for the objections.

The Memoranda of Contentions of Fact and Law, Witness List and Exhibit List are due twenty–one (21) days before the Final Pre–Trial Conference.

If expert witnesses are to be called at trial, each party shall list and identify their respective expert witnesses. Failure of a party to list and identify an expert witness may preclude a party from calling an expert witness at trial. If expert witnesses are to

be called at trial, the parties shall exchange at the Final Pre–Trial Conference short narrative statements of the qualifications of the expert and the testimony expected to be elicited at trial. If reports of experts to be called at trial have been prepared, they shall be exchanged at the Final Pre–Trial Conference but shall not substitute for the narrative statements required.

## TRIAL PREPARATION FOR COURT TRIAL – MOTIONS, FINDINGS OF FACT AND EXHIBITS

**1.    Motions in Limine**

All motions in limine must be filed and served a minimum of forty–five (45) days prior to the scheduled trial date. Each motion should be separately filed and numbered. All opposition documents must be filed and served at least twenty–five (25) days prior to the scheduled trial date. All reply documents must be filed and served at least ten (10) days prior to the scheduled trial date.

All motions in limine will be ruled upon on or before the scheduled trial date.

**2.    Findings of Fact and Conclusion of Law**

Twenty–one (21) days before the trial date, all counsel are to have prepared proposed <u>findings of fact and conclusions of law</u>. Three copies are to be served on opposing counsel, and the original and one copy are to be lodged with the Court.

Upon receiving these proposed findings of fact and conclusions of law from opposing counsel, each party shall:

(1)    Underline with red pencil those portions which it disputes;

(2)    Underline with blue pencil those portions which it admits; and

(3)    Underline in yellow pencil those portions which it does not dispute, but deems irrelevant.

In this connection, counsel are to note that they need not come to a uniform conclusion as to an entire proposed finding, or, indeed an entire sentence within a

proposed finding. They may agree with part of it, disagree with part of it, and/or consider a portion of it irrelevant.

Seven (7) days before the trial date, each counsel shall file two marked copies of opposing counsel's proposed findings of fact and conclusions of law with the Court, and return one marked copy to the opposing counsel.

The parties shall be prepared to submit to the Court, and to exchange among themselves, supplemental findings of fact and conclusions of law during the course of the trial, with respect to which the same underlining procedure may be ordered.

### 3.  **Trial Exhibits**

Counsel are to prepare their exhibits for presentation at the trial by placing them in binders which are indexed by exhibit number with tabs or dividers on the right side. Counsel shall submit to the Court an original and one copy of the binders. The exhibits shall be in a three–ring binder labeled on the spine portion of the binder as to the volume number and contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Fed.R.Civ.P. 16, 26 and the Local Rules.

Exhibit list shall indicate which exhibits are objected to, the reason for the objection, and the reason it is admissible. Failure to object will result in a waiver of objection.

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the first day of trial:

- The <u>original exhibits</u> with the Court's exhibit tags shall be stapled to the front of the exhibit on the upper right–hand corner with the case number, case name, and exhibit number placed on each tag. Exhibit tags can be obtained from the Clerk's Office, Room G–8, 312 North Spring Street, Los Angeles, CA 90012.

- <u>One bench book</u> with a copy of each exhibit for use by the Court, tabbed with numbers as described above. (Court's exhibit tags not necessary.)

- Three (3) copies of exhibit lists.
- Three (3) copies of witness lists in the order in which the witness may be called to testify.
- All counsel are to meet not later than ten (10) days before trial and to stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial. The exhibits to be so received will be noted on the copies of the exhibit lists.
- Any items that have not been admitted into evidence and are left in the courtroom overnight <u>without prior approval</u>, will be discarded.

## TRIAL ON THE BRIEFS

1. **<u>Briefing Schedule</u>**

The parties shall timely file Opening Briefs, Oppositions and Replies based on the briefing schedule set by the Court.

2. **<u>Joint Separate Statement</u>**

On the date Oppositions are due, the parties shall file a Joint Separate Statement of Undisputed and Disputed Facts. The statement shall contain the following: (1) a list of undisputed facts, including citations to the portion(s) of the administrative record that support those facts, and (2) a list of disputed fact, which also include citations to the administrative record that support each parties' disputed assertions of fact.

**IT IS SO ORDERED.**

DATED: June 24, 2013

*Gary Klausner*
_____
R. Gary Klausner
United States District Judge